Judge Simpsoh
delivered the opinion of the Court.
Brasher was the owner of two slaves, who ran away, and were conveyed across the Ohio river on a ferry boat, at a ferry established from Covington to Cincinnati. Kennedy was part owner of the ferry, but was not present when the slaves were conveyed across the river, nor does it appear that they were carried over with his knowledge or consent. A man by the name of Owens was acting as his agent and ferryman at that time. The slaves made their escape, and were lost to their owner.
This suit was brought by Brasher against Kennedy, as owner of the ferry, for the value of the slaves. The court below refused to instruct the jury, at the instance of the plaintiff, that if Kennedy was one of the owners of the ferry, and had the control of it at the time the slaves were carried across the river, that’heNvas liable to the owner for their value, whether the act was done with his knowledge or consent, or without it. The defendant obtained a judgment, and the plaintiff has brought the case to this court for revision.
The action was founded on the statute of 1831, (1 St at. Law, 715,) entitled an act to regulate ferries, and the owners and keepers of ferries, across the Ohio river, within this Commonwealth. In the case of the Covington Ferry Company vs Moore, (8 Dana, 158,) it was decided that the owner of a ferry is not liable, under the provisions of that statute, for the unsanctioned act of his agent, or responsible ferryman; but that the penalty against the owner is incurred only by his own voluntary act. That decision was noticed and approved *29 in the case of Johnson & Co. vs Bryan, (1 B. Monroe, 292.) It is true, that in the last case, the proper construction of the statute of 1831 was only incidentally and not directly involved in the determination of the question before the Court, and therefore what was said on that occasion by the Court, in its opinion, cannot be regarded as an express adjudication on the subject.
This statute being highly penal should not in its construction be construed to extend beyond the clearly expressed intention of the Legislature,
It is now contended, with great earnestness, that the construction given to the act of 1831, in the case of the Covington Ferry Company vs Moore, is incorrect, and virtually defeats the whole object and design of the legislature in its passage, which was to prevent the escape of slaves across the Ohio river, by making the owners of the ferry, on whose boat they might pass over, liable for the acts of their agents whether sanctioned by them or not.
The statute is highly penal in its character and provisions. For its violation, it subjects the owner of the ferry, not only to the owner of the slave for its value, but to a penalty of two hundred dollars and a forfeiture of his ferry franchise, which is never to be re-granted to him, or to any person in trust for him. It can hardly be presumed that the legislature intended to impose such a severe and heavy penalty upon the owner of a ferry for the unauthorized acts of an agent. Had such been the intention of the legislature, it would no doubt have been clearly expressed by enacting that the owner or owners of a ferry, who, by themselves, or their agents, servants, or ferryman, shall offend against and violate the provisions of the act, shall incur the penalties denounced by it. The language of the statute, however-, makes the owner of the ferry liable alone for his own acts. Other persons, whether acting as his agents or not, are liable for violating its provisions, but they are not subjected to as heavy a penalty as that which is imposed upon him.
The act of 1S20, upon the same subject, expressly makes the owner or keeper of the ferry liable, -where any slave shall be taken over the river by a ferryman who shall be a slave. If the legislature had intended *30 by the statute of 1831, to extend the liability of the owner of the ferry, and to subject him to its penalties for the acts of other persons in his employment, as well as a slave, such intention would certainly have been manifested by appropriate language, and not left to be collected from its provisions as a matter of implication and doubtful construction.
A ceclaration againsl the master for the acts of his servant should not charge the act to have been wilful, but negligently-permitted. (1 Bast. L06: 3 lb. 393: 2 Chitt. Plead. 710, note u.)
We believe the judicial interpretation heretofore given to the act of 1831 to be correct, and perceive no reason to induce us to depart from it.
It is argued, however, that Kennedy is liable to Brashear, for the value of the slaves lost, upon common law principles, and independent of the statute upon which the suit was founded.
Conceding such to be the case, and whether it is or not, it is not now necessary to determine, we do not consider the declaration sufficient to sustain the plaintiff’s action at common law.
The declaration is expressly framed upon the statute. I.t charges the act to have been done by the defendant himself. The injury to the plaintiff is not alleged to have alisen from the negligent, unskilful, or unfaithful manner in which the ferry was kept, but to have consisted in the defendants own act of 'conveying the slaves across the river without the consent of the owner. It makes the act wilful by the defendant himself. The declaration against the master for the act of his servant, should not state it to have been committed wilfully, but should show that it was committed negligently: (1 East. 306; 3 East., 593; 2 Chitty’s Pleadings, 710 — note u.) The negligence may be stated to be that of the master, without noticing the servant; but if the master is proceeded against, as in the present case, for the act of the servant, and the inj ury is alleged to have been produced by the wilful conduct of the defendant, the declaration will be insufficient to maintain the action. Besides the direct reference in the declaration to the statute of 1831, shows that the suit was brought upon the statute, and was not intended to subject the defendant to damages on account of any common law liability.
Lindsey for plaintiff; Morekead Stevenson for defendant.
Wherefore the judgment is affirmed.